UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO ISAIAS CUCUL CHE,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND OF SECURITY et al.,

Respondents.

Case No. 1:26-cv-2545

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.10.) In an order entered on September 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the September 2, 2026, bond hearing on September 22, 2026, (Resp., ECF No. 4; Recording of Sept. 2, 2026, Bond Hearing, filed on Sept., 22, 2026), and Petitioner filed his reply on September 30, 2026, (ECF No. 7).[1]

## II. Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2019. (Pet., ECF No. 1, PageID.3–4.) On August 3, 2025, Petitioner was arrested by ICE. (*Id*., PageID.4.)

On July 22, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Cucul Che v. Raycraft* (*Cucul Che I*), No. 1:26-cv-2130 (W.D. Mich.). In *Cucul Che I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, because Petitioner had not exhausted his administrative remedies by requesting a bond hearing under 8 U.S.C. § 1226(a). Op. & Jud., *Cucul Che I*, (W.D. Mich. Aug. 8, 2026), (ECF Nos. 7, 8).

On September 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the bond hearing, in a written order, the immigration judge denied Petitioner's request for bond because Petitioner "did not establish he does not present a danger or a flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.15.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

[1] On September 25, 2026, Petitioner filed a motion for extension of time to file his reply. (Mot., ECF No. 6.) On September 30, 2026, Petitioner filed his reply. (Reply, ECF No. 7.) Therefore, the Court dismisses Petitioner's motion for extension of time as moot.

*v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge